USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 :
DONNELL PRUITT, :
 :
                        Petitioner, : 16-CV-2703 (JMF)
 :
       -v- : MEMORANDUM OPINION
 : AND ORDER
MICHAEL KIRKPATRICK, :
 :
                       Respondent. :
 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Donnell Pruitt, a state prisoner proceeding *pro se*, petitions for the writ of habeas corpus pursuant to Title 28, United States Code, Section 2254. (Docket No. 1 ("Petition")). Pruitt was convicted in state court, following a jury trial, of one count of second-degree murder and two counts of second-degree criminal possession of a weapon. Thereafter, he was sentenced to an aggregate term of twenty-five years to life in prison. In his Petition, Pruitt argues that the state trial court erred by: (1) admitting evidence concerning pretrial identifications by two witnesses; (2) failing to disqualify a prosecutor after she had testified as a witness at a pretrial suppression hearing; (3) admitting hearsay testimony and limiting his cross-examination of a key prosecution witness; and (4) sentencing him to an unduly harsh period of imprisonment. (*Id.* at 1-11). For the reasons that follow, these arguments fail, and the Petition is DENIED.

## BACKGROUND

    On October 22, 2010, Pruitt was convicted of murder in the second degree and two counts of criminal possession of a weapon in the second degree; he was sentenced to an aggregate term of twenty-five years to life in prison. *See People v. Pruitt*, 129 A.D.3d 517, 518

(N.Y. App. Div. 2015). On direct appeal, Pruitt's counsel argued that the trial court had erroneously introduced hearsay testimony and violated Pruitt's Confrontation Clause rights by refusing to allow cross-examination of a key prosecution witness. (*See* Docket No. 15 ("Answer"), Ex. A ("Pet'rs Dir. App. Br."), at 29-57). Pruitt's counsel also argued that Pruitt's sentence was excessive because the killing was not premeditated. (*See id.* at 57-62). In addition, Pruitt filed a *pro se* supplemental brief, in which he contended that the trial court had erred in ruling that an identification procedure was not unduly suggestive and in not disqualifying a prosecutor who testified at a pretrial suppression hearing. (Answer, Ex. B ("Pet'rs Pro Se Br.")).

On June 16, 2015, the Appellate Division, First Department, affirmed Pruitt's conviction. The Court held, first, that the alleged hearsay testimony was properly admitted, "not for its truth, but for legitimate nonhearsay purposes." *Pruitt*, 129 A.D.3d at 518. Second, the Court held that Pruitt's Confrontation Clause claim was "unpreserved because defendant did not make offers of proof that articulated the bases for admissibility he asserts on appeal." *Id.* As an alternative holding, the Appellate Division also concluded that the trial court had "acted within its wide latitude to impose reasonable limits on cross-examination in order to avoid repetition, confusion and focus on collateral matters, and that defendant's right to confront witnesses and present a defense was not impaired." *Id.* Finally, the Court concluded that "to the extent there were any errors," they were "harmless in light of the overwhelming evidence of defendant's guilt." *Id.* The Court summarily dismissed Pruitt's *pro se* claims, briefly noting that it had "considered and rejected" them. *Id.* Pruitt sought leave to appeal to the New York Court of Appeals with respect to all of the issues he had raised before the Appellate Division. (Answer, Exs. E, F, G, H). On September 3, 2015, the New York Court of Appeals denied Pruitt's application. (Answer, Ex. I).

**DISCUSSION**

As a general matter, a writ of habeas corpus may be granted only if (1) the state court's denial of Pruitt's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) the state court's denial of relief "resulted in a decision that . . . involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Cruz v. Superintendant*, No. 13-CV-2414 (JMF), 2016 WL 2745848, at *5-6 (S.D.N.Y. May 11, 2016). Applying those standards to each of Pruitt's four claims in turn, the Court concludes that none of his claims has merit and that his Petition for habeas corpus must be denied.[1]

First, Pruitt's challenge to the admission of pretrial identification evidence is without merit because he fails to identify how the procedures used were unduly suggestive, let alone how the Appellate Division's rejection of his claim was contrary to, or an unreasonable application of, clearly established federal law. In his *pro se* supplemental brief on direct appeal, Pruitt argued that the photograph array used for the pretrial identifications was unduly suggestive because he was the only person pictured wearing a light shirt and that the two witnesses who viewed the array — the victim's wife and girlfriend — could have colluded. (Pet'rs Pro Se Br. 24-27). As a matter of fact, however, the array included two people wearing light shirts. (*See* Answer, Ex. C ("Gov'ts Dir. App. Br.") at 66; Answer, Ex. J). And, in any event, even if Pruitt was the only person depicted in the array wearing a light shirt, it would not be enough to establish that the

---

[1] Respondent argues that some of Pruitt's claims are unexhausted and/or procedurally barred. (Docket No. 16 ("Resp. Mem."), at 16-18, 25 n.8). The Court need not and does not address those arguments given the discussion below.

3

array was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968); *see also, e.g.*, *Maldonado v. Burge*, 697 F. Supp. 2d 516, 530 (S.D.N.Y. 2010) (rejecting a claim of "suggestiveness" with respect to a photograph array based solely on the fact that the petitioner had been depicted wearing "a blue shirt" because the shirt was not "in itself . . . particularly distinctive"); *Priester v. Strack*, No. 98-CV-7960 (LAK), 2001 WL 980563, at *4 (S.D.N.Y. Aug. 23, 2001) (rejecting the petitioner's claim that his lineup was unduly suggestive because only one other lineup filler wore a black shirt). And, suffice it to say, Pruitt's speculative and conclusory assertion that the two witnesses who identified him could have colluded is not enough to warrant relief either. *See, e.g.*, *Perez v. Smith*, 791 F. Supp. 2d 291, 315 (E.D.N.Y. 2011) (dismissing as "far-fetched" and "rest[ing] on sheer speculation" an argument that a pretrial identification procedure was unduly suggestive because two witnesses could have communicated about the photograph array); *Velez v. Ercole*, No. 06-CV-334 (LBS), 2006 WL 2742046, at *4 (S.D.N.Y. Sept. 26, 2006) (denying a claim where the "petitioner point[ed] to no record evidence of collusion"). Accordingly, Pruitt's first claim is denied.

Pruitt's second claim — that his due process rights were violated when "the trial court allowed the prosecution to testify as a witness against [him] during [a] pre-trial proceeding" (Petition 8) — is also without merit. Once again, Pruitt seems to be repeating an argument from his *pro se* supplemental brief on direct appeal, in which he claimed that a prosecutor who had testified at the pretrial hearing regarding admissibility of the identification evidence should have been disqualified from prosecuting him. (Pet'rs Pro Se Br. 29-31). "As a general rule," however, a "government prosecutor is not to be automatically disqualified as a witness or as trial advocate after testifying at a pretrial suppression hearing." *United States v. Johnston*, 690 F.2d

638, 646 (7th Cir. 1982). And here, there was no basis to deviate from that general rule. The prosecutor in question testified at the hearing for the sole purpose of identifying the unmarked photograph array that she had given to a witness in the grand jury. (*See* Resp. Mem. 29-30). The testimony was far from critical, and neither the prosecution nor the defense made any reference at trial to the fact of her testimony (or even, for that matter, to the identification that occurred in the grand jury). Thus, the prosecutor's continued participation in the case did not risk prejudicing the jury, let alone enough to violate the Due Process Clause. And the Appellate Division's rejection of the argument was certainly not contrary to clearly established federal law. Accordingly, Pruitt's second argument fails as well.

Third, Pruitt alleges that the trial court violated his Confrontation Clause rights by admitting hearsay and limiting his cross-examination of a key government witness. (*See* Petition 9). Notably, Pruitt fails to specify the alleged hearsay statements in his Petition — which is reason enough to reject that portion of the claim. But even if the Court were to look to Pruitt's briefs on direct appeal, that portion of the claim would fail, as the Appellate Division correctly held that the statements Pruitt challenged there were properly admitted for nonhearsay purposes, substantially for the reasons explained by Respondent. (Resp. Mem. 18-20; *see, e.g.*, Trial Tr. 512-13 (admitting testimony regarding an out-of-court statement by Pruitt's girlfriend, over a hearsay objection, on the ground that it was offered to explain the investigating officer's actions, not for the truth of the matter asserted)). It follows that the trial court did not violate Pruitt's Confrontation Clause rights by admitting those statements. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"). Nor can Pruitt show that the trial court abused its broad discretion in limiting cross-examination of a

5

government witness, let alone that the Appellate Division acted contrary to, or unreasonably applied, clearly established federal law in rejecting that contention on appeal. It is well established that a trial court may limit cross-examination based on concerns about, among other things, "confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). And here, Pruitt offers, and the Court cannot discern, any basis for the proposition that the Appellate Division erred when it held that the proposed cross-examination — about the failure to pursue other leads — would have "focus[ed] on collateral matters." *Pruitt*, 129 A.D.3d at 518; *cf. Wade v. Mantello*, 333 F.3d 51, 61-62 (2d Cir. 2003) (observing that speculative theories of third-party culpability raise "special problems" and "intensif[y] the grave risk of jury confusion"). Accordingly, Pruitt's Confrontation Clause arguments provide no basis for habeas relief either.

Pruitt's fourth and final claim — that his sentence was "unduly harsh and should be reduced" (Petition 11) — can be swiftly rejected.[2] It is well established that "[a]n excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law." *Edwards v. Superintendent, Southport C.F.*, 991 F.

---

[2] In his reply (captioned "TRAVERSE TO RETURN"), Pruitt appears to make a new argument: that the trial court wrongfully enhanced his sentence under New York's persistent felony offender statute. (Docket No. 25, at 5-14). In general, however, a party may not raise a new argument in reply. *See, e.g.*, *Brown v. Ionescu*, 380 F. App'x 71, 72 n.1 (2d Cir. 2010) (declining to consider an argument raised for the first time in a *pro se* litigant's reply brief). Further, Pruitt's argument is plainly unexhausted. And, in any event, even if Pruitt could get past those obstacles, the argument is without merit. *See, e.g.*, *Saracina v. Artus*, 452 F. App'x 44, 45 (2d Cir. 2011) (summary order) (holding that, "[w]hether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact," and that a claim based on such an alleged error is therefore not cognizable on federal habeas review); *see also, e.g.*, *Rodriguez v. Lee*, No. 10-CV-396 (VB), 2013 WL 6410766, at *2 (S.D.N.Y. Dec. 9, 2013) (finding non-cognizable a claim that the petitioner's "prior convictions did not constitute predicate felonies for purposes of adjudicating him a 'persistent violent felony offender'").

Supp. 2d 348, 372 (E.D.N.Y. 2013); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Here, Pruitt was sentenced to twenty-five years to life in prison, which is within the range prescribed by state law for second-degree murder. *See* N.Y. Penal Law §§ 70.00(2), 125.25; *see also, e.g.*, *Paul v. Ercole*, No. 07-CV-9462 (CM) (HBP), 2010 WL 2899645, at *6 (S.D.N.Y. June 10, 2010) (collecting cases upholding 25-years-to-life sentences for second-degree murder). Thus, Pruitt's final claim must be and is rejected.

## CONCLUSION

For the foregoing reasons, Pruitt's Petition is DENIED, and the case is DISMISSED. As Pruitt has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Pruitt and to close this case.

SO ORDERED.

Date: October 18, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge